Filed 7/7/15  Sanmina-Sci Corp. v. Pace USA, LLC CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| SANMINA-SCI CORPORATION,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PACE USA, LLC et al.,<br><br>Defendants and Appellants. | H040274<br>(Santa Clara County<br>Super. Ct. No. 1-12-CV-233960) |

Is an arbitration clause in a purchase order part of the contract for the sale of goods when both parties' writings expressly reject any additional terms and the seller's invoice is silent regarding arbitration?  Applying Commercial Code section 2207, subdivision (3), we conclude that the arbitration clause is not part of the resulting contract.[1]

Plaintiff Sanmina-SCI Corporation sued defendants Pace USA, Inc., Pace USA, LLC, and Pace PLC, for breach of contract based on defendants' failure to pay for materials plaintiff manufactured and delivered.  On appeal from the trial court's denial of defendants' petition to compel arbitration, defendants claim section 2207(3) makes the arbitration clause in their purchase orders enforceable even though plaintiff's invoices did not contain the arbitration clause.  For the reasons stated here, we will affirm the order denying defendants' petition.

---

[1] Unspecified statutory references are to the California Uniform Commercial Code.  Citations to section 2207(3) refer to section 2207, subdivision (3).

# I.   TRIAL COURT PROCEEDINGS

According to the complaint, plaintiff and defendants manufacture television set-top boxes and related components.  Plaintiff provided products for defendants over a number of years.  In 2011, defendants informed plaintiff they were shifting production to another facility and directed plaintiff to transfer set-top box materials to defendants' other facilities.  Plaintiff allegedly shipped millions of dollars in materials and components in response to defendants' request.

Plaintiff's shipments were accompanied by invoices containing two clauses relevant to this dispute.  First, plaintiff's invoices state that the sale of the goods "is expressly conditioned on your acceptance of the terms and conditions set forth" in the invoice and that plaintiff "hereby objects to any additional or different terms set forth in any purchase order or similar document that you may issue."  Second, the invoices contain the following forum selection clause:  "the parties acknowledge and agree that the state courts of Santa Clara County, California and the federal courts located in the Northern District of the State of California shall have exclusive jurisdiction and venue to adjudicate any and all disputes arising out of or in connection with these terms."

Defendants did not pay some of the invoices, leading plaintiff to sue for breach of contract in 2012 seeking over $3 million in damages.  Defendants filed an answer and a cross-complaint alleging breach of contract and other causes of action.  After several months of discovery, in September 2013 plaintiff moved for judgment on the pleadings.  Defendants responded by moving to dismiss the action based on inconvenient forum (Code Civ. Proc, § 410.30, subd. (a)) and petitioning for an order compelling arbitration.

Defendants based their petition to compel arbitration on terms of the purchase orders defendants sent to plaintiff in the transactions underlying plaintiff's complaint.[2]

---

[2]  Each defendant's respective terms and conditions document has a different arbitration clause.  In their Reply Brief, defendants collectively specify that they are

2

Those purchase orders incorporate certain terms and conditions by reference, two of which are relevant here. First, the terms and conditions state: "No additional terms or conditions shall be binding upon [defendants], unless agreed to in writing by" defendants. Second, the terms and conditions contain an arbitration clause stating that all "disputes arising from or related to this Agreement shall be submitted to arbitration in Palm Beach County, Florida ... ."

After a hearing, the trial court denied defendants' petition to compel arbitration, finding that an arbitration clause was not part of the parties' contract and that, even assuming it was, defendants waived the right to arbitrate by not timely petitioning to compel arbitration. The court also denied defendants' motion to dismiss and plaintiff's motion for judgment on the pleadings.

## II.   GOVERNING LAW AND STANDARD OF REVIEW

The parties agree that this appeal is governed by section 2207. Section 2207 provides:  [¶]  "(1) A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms.  [¶]  (2) The additional terms are to be construed as proposals for addition to the contract. Between merchants such terms become part of the contract unless:  [¶]  (a) The offer expressly limits acceptance to the terms of the offer;  [¶]  (b) They materially alter it; or  [¶]  (c) Notification of objection to them has already been given or is given within a reasonable time after notice of them is received.  [¶]  (3) Conduct by both parties which recognizes the existence of a contract is sufficient to establish a contract for sale although the writings of the parties do not otherwise establish a contract. In such case the terms of the particular contract consist of those terms on which the writings of the parties agree,

seeking to enforce the terms and conditions applicable to Pace USA, LLC purchase orders.

3

together with any supplementary terms incorporated under any other provisions of this code." (§ 2207, subds. (1)-(3).)

Section 2207 is California's codification of Uniform Commercial Code section 2-207, governing situations where parties exchange goods but disagree about the terms of the resulting contract. (See *Transwestern Pipeline Co. v. Monsanto Co.* (1996) 46 Cal.App.4th 502, 513, fn. 1 & 515-516 (*Transwestern*).) Under section 2207, subdivision (1), a writing operates as an acceptance even if it contains additional or different terms than those in the offer "unless acceptance is expressly made conditional on assent to the additional or different terms." Where there is no express condition, under section 2207, subdivision (2) the terms of the offer and the additional terms in the acceptance become part of the contract unless: (a) the offer expressly limits acceptance to its terms; (b) the additional terms materially alter the offer; or (c) the offeror objects to the additional terms. (§ 2207, subds. (2)(a)-(2)(c).) Where acceptance is expressly conditioned on assent to additional terms, the writing is treated as a counteroffer. (See § 2207, subd. (1); *Transwestern,* at p. 514 [rule regarding additional terms becoming part of contract "does not apply if the offeree expressly conditions its acceptance on the offeror's assent to the offeree's additional terms"].) If the offeror does not accept the counteroffer but the parties' conduct recognizes the existence of a contract, section 2207(3) applies and the contract "consist[s] of those terms on which the writings of the parties agree, together with any supplementary terms incorporated under any other provisions of this code." (§ 2207(3); see *Transwestern*, at p. 514 ["even if the offeree's acceptance is expressly made conditional on the offeror's assent to the offeree's additional terms, and no such assent is given, the existence of a contract and its terms may nevertheless be inferred" by applying section 2207(3)].)

The trial court based its denial of defendants' petition to compel arbitration on statutory and contractual interpretation in the context of undisputed facts. We therefore review that decision de novo. (*Hartnell Community College Dist. v. Superior Court*

4

(2004) 124 Cal.App.4th 1443, 1448-1449 ["The standard of review for an order on a petition to compel arbitration is ... de novo where no conflicting extrinsic evidence was admitted in aid of interpretation of the arbitration agreement."].)

### III.    ANALYSIS

Neither party disputes that plaintiff's shipment of goods and defendants' partial payment constituted conduct recognizing the existence of a contract.  Both parties also agree that section 2207(3) applies, as plaintiff's invoices expressly condition acceptance on defendants' assent to additional terms, and defendants' purchase orders as well as plaintiff's invoices expressly reject additional terms.  Defendants claim the phrase "terms on which the writings of the parties agree" in section 2207(3) means that the contract between the parties includes not only the terms on which the parties agree but also any terms from one writing about which the other writing is silent.  Under that interpretation, the parties' contract would include both plaintiff's forum selection clause and defendants' arbitration clause unless those clauses are inconsistent.  Plaintiff contends that section 2207(3) compels inclusion of only those terms on which both writings *expressly* agree, with any terms about which the other writing is silent dropping out.  Under plaintiff's interpretation, the parties' contract would include neither the forum selection clause nor the arbitration clause.

Though defendants state they are "unaware of any California authority interpreting" section 2207(3), they cite *Transwestern*, which specifically interpreted that section in a similar factual context.  (*Transwestern, supra,* 46 Cal.App.4th 502.)  In *Transwestern*, the purchaser of turbine lubricant containing polychlorinated biphenols (an environmental contaminant) sued the seller for equitable indemnity after the purchaser settled a claim with the owners of a pipeline that became contaminated.  (*Id.* at pp. 508-510.)  The purchase orders for the lubricant contained no limitations on remedies against the seller.  (*Id.* at p. 513.)  The seller's invoices, on the other hand, expressly conditioned acceptance on assent to a limitation of liability clause.  (*Ibid.*)

5

To determine the contract terms, the *Transwestern* court applied section 2207(3), noting that in a battle of forms " 'all of the terms on which the parties' forms do not agree drop out, and the [Uniform Commercial Code] supplies the missing terms.' " (*Transwestern, supra,* 46 Cal.App.4th at p. 515.) The court agreed with the seller that the reference to " 'supplementary terms' " in section 2207(3) "may include terms incorporated as a result of the parties' course of dealing" because section 1201 states that the parties' agreement can be implied from their course of dealing. (*Transwestern,* at p. 516, citing §§ 1201, subd. (3), 1205.) However, the court rejected the seller's argument that unilaterally transmitting a form with a limitation of liability was sufficient to establish a course of dealing, reasoning that "the mere exchange of forms containing inconsistent terms, for however long a period, cannot establish a common understanding between the parties as to which set of conflicting terms is part of their contract." (*Id*. at p. 516.) Importantly, the court found the forms inconsistent based on the purchase orders' *silence* regarding liability limitations. (*Ibid.* [noting the "purchase orders repeatedly stated terms and conditions which contained no limitations on ... liability"].) The court concluded that the purchaser's silence was not express assent to the limitation on liability and therefore the limitation was not a term of the parties' contract. (*Id.* at pp. 516, 519.)

Defendants attempt to distinguish *Transwestern* by seizing on that court's use of the word "inconsistent" and argue that because defendants' arbitration clause is not inconsistent with plaintiff's forum selection clause, both clauses are part of the parties' contract. But the *Transwestern* court found an inconsistency based on the absence of a clause limiting liability in the purchase orders, not through parsing differing clauses to determine whether they could be harmonized. (See *Transwestern, supra,* 46 Cal.App.4th at p. 516.) The *Transwestern* analysis, which interprets section 2207(3) to compel inclusion of only those terms on which the parties' writings *expressly* agree, is consistent with authority from other jurisdictions interpreting Uniform Commercial Code provisions virtually identical to section 2207(3). (See *C. Itoh & Co. (America) Inc. v. Jordan Intern.*

6

*Co.* (7th Cir. 1977) 552 F.2d 1228, 1232, 1236-1237 [arbitration clause in acknowledgement not part of contract where purchase order silent on arbitration because "it is clear that the ... forms do not 'agree' on arbitration"]; *PCS Nitrogen Fertilizer, L.P. v. The Christy Refractories, L.L.C.* (8th Cir. 2000) 225 F.3d 974, 976, 982 [same; arbitration clause in acknowledgement "merely demonstrated [seller's] desire to include the arbitration clause as a term of the contract"]; *Textile Unlimited, Inc. v. A..BMH and Company, Inc.* (9th Cir. 2001) 240 F.3d 781, 783, 788 [same]; *McJunkin Corp. v. Mechanicals, Inc.* (6th Cir. 1989) 888 F.2d 481, 488-489 [remedy limitation clause in acknowledgement not part of contract where purchase order silent]; *Belden Inc. v. Am. Elec. Components, Inc.* (Ind.Ct.App., 2008) 885 N.E.2d 751, 755, 757 [damage limitation clause in acknowledgement not part of contract where purchase order silent; seller "could not unilaterally include terms" in resulting contract without purchaser's assent].) Although the foregoing cases all involved a disputed clause in an acknowledgement rather than a purchase order, we see no reason why a different analysis would apply where the disputed clause is in the purchase order.

Applying those authorities here, defendants' purchase orders contain an arbitration clause but are otherwise silent regarding forum selection. The purchase orders state that "[n]o additional terms shall be binding" without defendants' written consent. Plaintiff's invoices contain a forum selection clause but are silent regarding arbitration. The invoices similarly object to "any additional or different terms set forth in any purchase order" sent by defendants. Because both parties expressly rejected the addition of any terms not contained in their respective writings and defendants provide no evidence that an agreement to arbitrate was part of the parties' course of dealing, section 2207(3) limits their contract to the terms on which their writings expressly agree, along with gap-filler provisions from the Commercial Code. Therefore, neither defendants' arbitration clause nor plaintiff's forum selection clause is part of the parties' contract.

7

Defendants also cite contract interpretation cases to argue that we should harmonize the arbitration and forum selection clauses. However, those cases involve situations where both clauses are valid and must be interpreted to give effect to the mutual intent of the contracting parties. (See, e.g., *Personal Sec. & Safety Systems Inc. v. Motorola Inc.* (5th Cir. 2002) 297 F.3d 388, 395-396 [construing forum selection clause narrowly to give effect to arbitration clause because "we must interpret the forum selection clause in the context of the entire contractual arrangement and we must give effect to all of the terms of that arrangement"].) By contrast, here we do not interpret either provision (whether broadly, narrowly, or otherwise) because neither is part of the parties' contract.

Defendants' reliance on an unpublished federal district court decision is misplaced. (Citing *Spartech CMD, LLC v. Int'l Auto. Components Group N. Am., Inc.* (E.D. Mich., Feb. 23, 2009, No. 08-13234) 2009 WL 440905 (*Spartech*).) *Spartech* involved purchase orders containing an arbitration clause and acknowledgements that contained a forum selection clause but did not mention arbitration. (*Id.* at pp. *1-*2.) The seller's acknowledgements did not expressly object to including additional or different terms and nothing in the court's decision suggests that acceptance was conditioned on the buyer's assent to additional terms. (*Id.* at p. *8.) Neither party in *Spartech* suggested that subdivision (3) of Michigan Compiled Law section 440.2207 applied.[3] Relying on Michigan case law, the court concluded that Michigan Compiled Law section 440.2207, subdivision (2) applied and deemed the purchase orders' arbitration clause enforceable as an additional term to which the seller had not objected. (*Spartech,* at pp. *6-*9, citing *Am. Parts Co. v. Am. Arbitration Assn.* (Mich.Ct.App. 1967) 154 N.W.2d 5, 13-16.)

---

[3] Michigan Compiled Law section 440.2207 is identical to California Uniform Commercial Code section 2207.

8

Because defendants acknowledge that section 2207(3) controls here, *Spartech*'s analysis under provisions of a Michigan law that is identical to section 2207, subdivisions (1) and (2) does not support their argument. Plaintiff's invoices expressly conditioned acceptance on defendants' assent to additional terms and expressly rejected any terms other than those in the invoices, so additional terms in the invoices were merely counteroffers. Because defendants' purchase orders expressly rejected any additional terms absent written agreement and there is no evidence of written consent to plaintiff's terms, defendants never accepted plaintiff's counteroffers. Given each party's express rejection of the other's additional terms, section 2207(3) controls to state the terms of the contract. (See *Transwestern, supra,* 46 Cal.App.4th at p. 514.)

Having concluded, based on section 2207(3), that the trial court properly determined the parties' contract does not include the arbitration clause, we do not reach the trial court's alternative ruling that defendants waived arbitration by their delay.

## IV. DISPOSITION

The order denying defendants' petition to compel arbitration is affirmed.

_____

Grover, J.

**WE CONCUR:**

_____

Bamattre-Manoukian Acting P. J.

_____

Mihara, J.

*SANMINA-SCI CORPORATION v PACE USA, LLC ET AL*
H040274